CORRIGAN, J.,
Concurring.—With the benefit of time to fully consider the issues presented by this writ petition, which go to the fundamental structure *551 of our state government, I agree with and join the majority opinion. Proposition 49 is a valid exercise of the Legislature’s investigatory authority under the California Constitution. I also agree with the Chief Justice that the Legislature’s power to submit advisory measures to the electorate is not limited to its role in the process of amending the federal Constitution. For the reasons stated by the Chief Justice, advisory measures that are reasonably related to any proper use of legislative power are permissible.
Both the majority and the Chief Justice’s concurrence appropriately emphasize that judicial review of the Legislature’s exercise of its plenary powers must be restrained. Doubts should be resolved in favor of legislative action, and constitutional limitations on legislative authority strictly construed. (Maj. opn., ante, at pp. 520-521; conc. opn. of Cantil-Sakauye, C. J., ante, at p. 541.) The foundations of these limits on the judicial function were soundly explained by Justice Sparks of the Third District Court of Appeal in Schabarum v. California Legislature (1998) 60 Cal.App.4th 1205 [70 Cal.Rptr.2d 745]. I place great weight on the following considerations:
“The principle of strict construction arises from the very nature of California’s tripartite form of government. Thus, subject to the reserved powers of initiative and referendum, ‘[t]he legislative power of this State is vested in the California Legislature . . . .’ (Cal. Const., art. IV, § 1.) The people, in their Constitution, may place restrictions upon the exercise of the legislative power by the Legislature but the courts may not do so without violating the fundamental separation of powers doctrine. Judicial application of clear and unequivocal constitutional restrictions on the Legislature’s authority merely enforces the people’s exercise of the right to place restrictions upon the Legislature. On the other hand, legislative restraint imposed through judicial interpretation of less than unequivocal language would inevitably lead to inappropriate judicial interference with the prerogatives of a coordinate branch of government. Accordingly, the only judicial standard commensurate with the separation of powers doctrine is one of strict construction to ensure that restrictions on the Legislature are in fact imposed by the people rather than by the courts in the guise of interpretation.” (Schabarum v. California Legislature, supra, 60 Cal.App.4th at pp. 1217-1218.)